UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFF BECKFORD, : | |
| : | |
| Petitioner, : | Civ. No. 07-4427 |
| v. : | |
| : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent, : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of petitioner, Cliff Beckford, ("Beckford" or "Petitioner"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Petitioner's motion.

**I.   BACKGROUND**

Between May 2002 and September 2003, law enforcement officers and agents conducted an extensive investigation to uncover a large-scale narcotics trafficking operation. (Presentence Report, at ¶¶ 23-73.) On September 11, 2003, Petitioner was arrested in connection with the drug trafficking operation. (Id., at ¶ 69.) Upon search of his vehicle and house, law enforcement agents recovered three handguns, one shotgun, a crossbow, and ammunition. (Id., at ¶ 69-70.)

On August 26, 2004, a grand jury returned an indictment charging Petitioner with conspiracy to distribute and possess with intent to distribute more than 100 kilograms of

marijuana.  (Cr. 04-601, Docket Entry No. 135.)  On September 30, 2004, a grand jury returned a superseding indictment, adding a second count against Petitioner, that "in furtherance of a drug trafficking crime . . . [he] did knowingly and willfully possess firearms"  (Id., Docket Entry No. 162.)  The superseding indictment also contained a supplemental allegation that Petitioner "was a supervisor of a criminal activity that involved five or more participants or was otherwise extensive."  (Id.)  On October 14, 2004, a grand jury returned a second superseding indictment that dropped charges against a co-defendant.  (Id., Docket Entry No. 170.)  Petitioner's charges, however, remained the same as in the first superseding indictment.  (Id.)

A jury trial commenced before this Court on December 7, 2004.  (Id., Docket Entry No. 181.)  The Government presented testimony of a co-conspirator as well as wiretap evidence to establish that Petitioner had used his weapons to facilitate his drug distribution – both to protect himself and intimidate other dealers and sellers.  176 Fed. Appx, 299, 299-300 (3d Cir. 2006).  Neither Petitioner nor any other witnesses testified for the defense.  In an attempt to establish that Petitioner had legitimate financial resources as to justify his ownership of numerous vehicles, Petitioner's counsel ("Counsel") presented evidence of Petitioner's receipt of financial settlements from a personal injury action and a worker's compensation action.  (Trial Transcript for 12/16/04, 31:14-25, 32:1-17.)  On December 17, 2004, the jury found Petitioner guilty on both counts.  (Id., Docket Entry No. 195.)  The jury also issued a supplemental factual finding, stating that Petitioner was "[a]n organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  (Id., Docket Entry No. 194.)

Petitioner filed a motion for Judgment of Acquittal, or in the Alternative, for a New Trial (Id., Docket , Entry No. 189.), which this Court denied on February 7, 2005.  (Id., Docket Entry

No. 205.) On April 19, 2005, this Court sentenced Petitioner to a 200-month term of imprisonment, consisting of 140 months for conspiracy and 60 months for possession of firearms. (Id., Docket Entry No. 224.) Petitioner appealed his judgment of conviction and sentence to the Third Circuit Court of Appeals. (Id., Docket Entry No. 221.) On April 19, 2006, the Third Circuit affirmed this Court's judgment and sentence. (Id., Docket Entry No. 239.) On September 17, 2007, Petitioner filed this motion under Title 28, United States Code, Section 2255 to vacate, correct, or set aside his judgment. (Civ. 07-4427, Docket Entry No. 1.)

## II.   DISCUSSION

### A.   Standard

Section 2255 of Title 28, of the United States Code permits a court to vacate, correct, or set aside a sentence that:

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255. However, this section may not be used to relitigate questions which were raised and considered on direct appeal. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1986) (citing Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986), *cert. denied*, 511 U.S. 1033 (1994). To obtain collateral relief, a petitioner who fails to raise an objection both at trial and on direct appeal must show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-168 (1982); Henry v. United States, 913 F. Supp. 334, 335 (M.D. Pa. 1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996). This standard does not, however, apply to an ineffective assistance claim raised for the first time in a

collateral attack.  DeRewal, 10 F.3d at 104.

      **B.**      **Application**

Petitioner submits that he is entitled to a modification of his sentence under 28 U.S.C. § 2255 on the grounds that his counsel was ineffective in: (i) failing to call any defense witnesses, and (ii) failing to challenge the Second Superseding Indictment, and that his counsel's ineffectiveness violated his constitutional rights.  The Court disagrees.

The cause of action for ineffective assistance of counsel is rooted in the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial."  Strickland v. Washington, 466 U.S. 668, 684 (1984).  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> [f]irst, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.

In the first part of the Strickland test, the inquiry is whether counsel's performance was reasonable, considering the totality of the circumstances.  Id. at 688.  The Sixth Amendment does not specify what constitutes effective counsel.  Instead, courts rely upon prevailing professional norms, such as those set out by the American Bar Association, to determine an objective standard of reasonableness.  Id.  Moreover, great deference is given to counsel's performance, in an effort to combat the "distort[ing] effects of hindsight."  Id. at 689.  Because counsel may elect to pursue

4

any one of many valid trial strategies, his choice of a "sound trial strategy" is given great deference.  Id.  Therefore, a petitioner must overcome the strong presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance.  Id.; *see also* Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).  Under the properly deferential standard, rarely will a claim of ineffective counsel succeed.  United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

The second part of the Strickland test requires a petitioner to demonstrate that counsel's deficient performance prejudiced the defense.  Buehl, 166 F.3d at 169.  Applying Strickland, the Supreme Court emphasized that the benchmark for determining prejudice is whether "the result of the proceeding was fundamentally unfair or unreliable."  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).  Prejudice results when counsel's errors disturb "the adversarial balance between defense and prosecution" to such a degree that the verdict cannot be trusted as a reliable outcome of the proceeding.  Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  A petitioner must therefore demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.;

To prevail on his claim of ineffective counsel, Petitioner must satisfy both prongs of the Strickland test.  Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002).  However, in setting out the Strickland test, the Supreme Court noted that the inquiry may begin with either the performance or prejudice component.  Strickland, 466 U.S. at 697.  A court may not find it necessary to proceed to the second component of the inquiry if a petitioner is unable to fulfill the

first.  Id.  Since an ineffective counsel claim is more likely to fail due to insufficient prejudice, it may be expeditious for a court to dispose of the claim on this ground before considering whether counsel's performance was deficient.  Id.

        i.     *Failure to Call Witnesses.*

Petitioner asserts that he provided his attorney with "many witnesses" and that counsel's failure to call any of them was not a "mere strategic decision[ ]," but an "error[ ] so serious that there was a deprivation of the effective counsel guarantee by the Sixth Amendment." (Civ. 07-4427, Docket Entry No. 1.)  Petitioner seems to suggest that these witnesses, if called, could have rebutted the testimony of prosecution witnesses who identified him as a drug kingpin.  Specifically, Petitioner alleges that Counsel should have called Petitioner's employer to attest to his good character.  (Id.)  Petitioner further alleges that Counsel should have called Petitioner's personal injury lawyer who had obtained a financial settlement for him, to establish that Petitioner had a legitimate source of income.  (Id.)  Finally, Petitioner complains about his counsel's failure to call him as a witness, and asserts that this failure deprived him of his Fifth Amendment right to testify.  (Id.)

Petitioner is unable to establish that Counsel's performance was deficient under the Strickland standard.  While counsel has an obligation to make reasonable investigations, the reasonableness of counsel's actions is determined based on information the defendant has given him.  Strickland, 466 U.S. at 691.  If the defendant gives counsel reason to believe that pursuing a given investigation would be futile or even harmful, counsel's decision not to pursue that investigation is reasonable.  Id.

6

With respect to Petitioner's employer, Counsel asserts that he believed Petitioner did not want his employer to know of the charges against him, in the event Petitioner was acquitted and able to return to work. (Civ. 07-4427, Docket Entry No. 4, Attach. A, ¶ 2.) Counsel's assertion seems credible, given that Petitioner, with the help of Counsel, informed his employer only that he needed to take a temporary leave of absence during the trial, due to unspecified circumstances. (Id.) Under these circumstances, Counsel's decision not to call Petitioner's employer as a character witness was reasonable because Counsel chose not to pursue a line of investigation that he believed would be harmful to his client. *See* Strickland, 466 U.S. at 691. Moreover, character witnesses, unlike eyewitnesses or alibi witnesses, generally are not crucial to the defense. United States v. Cockrell, 720 F.2d 1423, 1428 (5th Cir. 1983); *see also* Johnson v. Bell, 344 F.3d 567, 573-575 (6th Cir. 2003) (holding that counsel's choice not to call character witnesses during sentencing phase was not ineffective assistance.)

Petitioner is also unable to demonstrate that his defense was prejudiced by Counsel's choice not to call these witnesses. A showing of prejudice "'may not be based on mere speculation about what the witnesses [that counsel] failed to locate might have said.' Rather, it must be made based on the potential witness's testimony to the habeas court." Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006) (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989); *see also* United States v. Green, 882 F.2d 999, 1002 (5th Cir. 1989) (defendant who alleges counsel's failure to investigate must demonstrate with specificity what the investigation would have revealed and how it would have altered the outcome of the proceeding).

Even if Counsel's decision not to call his employer as a witness was unreasonable, Petitioner's claim still fails because he cannot establish that there is a reasonable probability that

7

such testimony would have altered the verdict, given the extensive evidence against him. Petitioner's claim that Counsel should have called his employer to testify therefore fails the prejudice prong as well.  *See* Strickland, 466 U.S. at 694-696.

Similarly, Counsel's choice not to call Petitioner's former personal injury lawyer as a witness did not prejudice Petitioner's defense.  "Counsel's failure to call witnesses whose testimony would be corroborative or cumulative of evidence already presented at trial is not constitutionally deficient." Snow v Sirmons, 474 F.3d 693, 729 (10th Cir. 2007) ; United States v. Schaflander, 743 F.2d 714, 718 (9th Cir. 1984).  Counsel submitted proof of Petitioner's receipt of financial settlements in support of the argument that Petitioner purchased his numerous luxury vehicles with legitimate income.  (Trial Transcript for 12/16/04, 31:14-25, 32:1-17.)  The testimony of Petitioner's personal injury lawyer would have done nothing more than echo such evidence.  As such, Counsel's decision not to call this witness does not constitutes ineffective assistance.

Petitioner also complains that he was not called as a witness and asserts that he "never fully waived his Fifth Amendment right to testify." (Docket Entry No. 1 at 5, 14.)  No legal authority exists to support this conclusion.  A defendant may waive his right to testify, but there is no "partial waiver."  Waiver of this right is valid as long as it was knowing and voluntary. United States v. Pino-Noriega, 189 F.3d 1090, 1094 (9th Cir. 1999).  Waiver of the right to testify need not, however, be explicit.  Id.  In addition, a defendant's "barebones assertion" that he was denied the right to testify in his own defense is insufficient to support relief.  D'Amario v. United States, 403 F.Supp 2d 361, 371 (D.N.J. 2005) (citing Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir. 1991)).  Some specificity as to how he was denied that right is required.  Id.

Indeed, a defendant cannot wait until after the verdict and then claim that he was deprived of his rights. Pino-Noriega, 189 F.3d at 1095 (9th Cir. 1989). When a defendant remains silent in the face of his attorney's decision not to call him as a witness, he waives the right to testify. Id.; *see also* United States v. Janoe, 720 F.2d 1156, 1161 n.9 (10th Cir. 1983) (defendant not denied Fifth Amendment right to testify when he did not object to counsel's statement that defendant would not testify and did not make any request to testify), *cert. denied*, 465 U.S. 1036 (1984); United States v. Systems Architects, Inc., 757 F.2d 373, 375 (1st Cir. 1985) (accused must "act affirmatively" to indicate desire to testify), *cert. denied*, 474 U.S. 847 (1985).

Petitioner seems to now allege that he wished to testify on his own behalf at trial. However, the record does not support this assertion. Petitioner was advised of his right to testify in colloquies both at a pre-trial hearing and at trial. (Cr. 04-601, Docket Entry No. 18, 214.) He made no objection during the following colloquy for which he was present:

> Court: And I take it you have consulted– Counsel for the Defense, you've consulted with your client and he has decided that he does or does not wish to testify?
> Counsel: He does not wish to testify.
> Court: All Right. He's been advised of his right to testify if he wishes?
> Counsel: Yes

Trial Transcript, December 16, 2004, p. 30:1-8. As such, Petitioner's argument that he was unaware of his right to testify is unpersuasive.

Moreover, Counsel asserts that during the pre-trial hearing, on cross examination, Petitioner revealed that he had violated his house arrest. (Civ. 04-4427, Docket Entry No. 4, Attach. A, ¶ 3.) As a result, Counsel "fear[ed] that [Petitioner] would reveal other damaging

9

information on cross-examination at trial." (Id.)  Counsel's strategic decision to advise Petitioner not to testify at trial seems patently reasonable.  Even assuming, *arguendo*, that Counsel was unreasonable in advising Petitioner not to testify, Petitioner fails to assert what his testimony would have revealed, and how it may have altered the outcome of his trial.  Petitioner's claim that Counsel was ineffective for failing to call witnesses, is therefore unavailing.

> ii.      *Failure to Challenge Superseding Indictment*

Petitioner alleges that the second superseding indictment was returned "on the eve of the trial," and that it "should have been dismissed based on a due process notice problem."  (Civ. 07-4427, Docket Entry No. 1.)  He claims that Counsel's failure to explore this issue constitutes ineffective assistance.  Petitioner provides no legal authority for this claim, nor does he explain how the Second Superseding Indictment raised any "due process notice problem."

The Speedy Trial Act, which governs the time limits for commencing trial in criminal cases, grants a minimum of 30 days preparation time, starting with the indictment or arraignment, whichever occurs last.  18 U.S.C. § 3161(c)(2).  The Supreme Court has held that the 30-day preparation period does not, however, automatically restart with the filing of a superseding indictment.  United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985).  In the event that a superseding indictment adds new charges for which a defendant needs additional time to prepare, the District Court has broad discretion to grant a motion for continuance.  (Id.)

Petitioner's phrase "on the eve of trial" appears to indicate there may have been insufficient time between the return of the second superceding indictment and his trial.  The record, however, does not support this allegation.  The grand jury returned the second

10

superseding indictment on October 14, 2004. (Cr. 04-601, Docket Entry No. 170.) Petitioner's trial did not commence until December 7, 2004. (Id., Docket Entry No. 181.) Petitioner therefore had 53 days to prepare a defense. Moreover, the second superseding indictment did not add any new charges to the first superceding indictment – it merely dropped a charge against a co-defendant. (Id., Docket Entry No. 162, 170.) Since the first superseding indictment was returned on September 30, 2004, Petitioner had 67 days before trial to prepare for the charges against him, more than twice the minimum required under the Speedy Trial Act. (Id., Docket Entry No. 162.) Under these circumstances, it is highly unlikely that the Court would have granted a continuance. Since Petitioner cannot demonstrate that there is a reasonable probability that, but for Counsel's failure to request a continuance, his trial verdict would have been different, he is unable to establish prejudice. *See* Strickland, 466 U.S. at 694-696. Petitioner's second claim of ineffective counsel therefore cannot prevail.

### III.     CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and dismissed with prejudice. An appropriate form of Order accompanies this Opinion.

Dated: June 24, 2008

Garrett E. Brown, Jr.
GARRETT E. BROWN, Jr., U.S.D.J.
